**BRUCKMANN CO, etc v DIXON et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2454. Decided Nov 30, 1934

Graham Hunt, Cincinnati, and Druggan
& Gingher, Columbus, for plaintiff in error.
John W. Bricker, Attorney General, Co-
lumbus, and Isadore Topper, Asst. Attorney
General, Columbus, for defendant in error.

## OPINION

By BARNES, J.

The petition in error sets out three separate specifications of error, but in substance this court is required to pass on the subject matter the same as was presented in the court below.

We have been favored with very learned and comprehensive briefs presented by counsel representing the respective parties. Very rarely indeed do we have legal questions so ably digested.

The solution of the problem involves an interpretation of §6212-54, GC, the pertinent part of which reads as follows:

"The commission shall formulate rules and regulations with reference to applica-

tions for, and the issuance of, permits and may issue the following permits:

Permit A: A permit to a manufacturer of beer, of whatever alcoholic content may be legal, to manufacture and sell such product for home use and to retail and wholesale permit holders under such regulations as may be promulgated by the commission. The fee for a permit to the manufacturer shall be computed on the basis of the annual production of each brewery plant, provided that the initial fee shall be one thousand dollars ($1,000.00) per year for each brewery plant producing five thousand (5,000) barrels or less annually, and the initial fee of one thousand dollars ($1,000.00) shall be increased at the rate of five cents (.05) per barrel for all beer produced in excess of five thousand (5,000) barrels during the tax year.

Permit B: A permit to a wholesale distributor of beer to distribute or sell such product for home use and to C and D permit holders under such regulations as may be promulgated by the commission. The fee for a permit to the distributor shall be computed on the basis of his or its annual sales or distribution of beer. The initial fee shall be one thousand dollars ($1,000.00) and this fee shall be increased at the rate of five cents (.05) per barrel for all beer distributed or sold in Ohio in excess of five thousand (5,000) barrels during the tax year.

If a distributor, person, firm or corporation ships or sells beer from a branch plant or warehouse, he shall as to each such branch plant or warehouse be regarded as a distributor and shall pay the minimum fee for each such branch plant or warehouse."

The above quoted section of the General Code is properly designated in the briefs as Amended Senate Bill No. 380. The prior enactment was Amended Substitute Senate Bill No. 346. The only amendment under Senate Bill No. 380 was the last paragraph of the above quoted section. Before the amendment this part of the section reads as follows:

"If a distributor ships or sells beer from a branch plant or warehouse, he shall as to each such branch plant or warehouse be regarded as a distributor and shall pay the minimum fee for each such branch plant or warehouse."

It will be observed that the amendment after the words "If a distributor," added the following: "person, firm or corporation."

Of course, under the provisions of this paragraph of the section prior to the amendment, holders of "A" permits would not be required to obtain "B" permits if they desired to ship and sell from a warehouse or branch plant.

Do the added words "person, firm or corporation" after the words "if a distributor," require the plaintiff, a manufacturer and Permit "A" holder, to secure a "B" permit and pay the fee therefor before shipping or selling from a warehouse or branch plant?

It is our conclusion that the language is very clear and really needs no construction. As we view it, it means just what it says.

Before the amendment, the words "If a distributor" were broad enough to include every person or entity engaged in the business of distribution.

It would not apply to Permit "A" holders for the reason that under this part of the section a manufacturer was authorized to sell and distribute. The manufacturer still has that right, if sale and distribution is made from the plant. If such a manufacturer ships or sells from a warehouse, it then comes within the plain provisions of the amendment. The manufacturer is either a person, a firm or a corporation. It ships and sells from a warehouse and the law says that under such state of facts it is regarded as a distributor and shall pay the minimum fee.

The minimum fee would be the thousand dollar initial fee.

Counsel for plaintiff in their brief present a very strong case as to why the law should be otherwise. In our judgment this is a matter for presentation to the Legislature. Courts must accept the law as they find it, and are not permitted to legislate through judicial decree.

We do not think the amendment, as it applies to the plaintiff, will invade any constitutional rights. The permit charges for operating at different places would not constitute double taxation; nor do we think the act is discriminatory.

We find no error in the judgment of the lower court.

The petition in error will be dismissed at costs of plaintiff in error.

Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.